UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JOSHUA D. WISE,
Plaintiff,

Case No.:

v.                                              Hon.:

LVNV FUNDING LLC and
RESURGENT CAPITAL SERVICES L.P. and
RESURGENT ACQUISITIONS LLC
Defendants.

_____/

COMPLAINT AND JURY DEMAND

Plaintiff, Joshua D. Wise, states as follows:

INTRODUCTION

1. This action arises from Defendants' unlawful furnishing of inaccurate credit information and their failure to conduct a reasonable investigation after receiving notice of Plaintiff's disputes, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

2. Defendants reported and verified materially inaccurate and misleading information regarding an alleged consumer debt, including identifying the "original creditor" as "Walmart CapitalOne Synchrony," a nonexistent entity.

3. Defendants continued to verify and publish this inaccurate and internally inconsistent information even after receiving dispute notices from consumer reporting agencies ("CRAs") and direct disputes from Plaintiff, including a complaint submitted through the Consumer Financial Protection Bureau ("CFPB").

4.  Defendants' conduct reflects not an isolated error, but a systemic failure to implement reasonable procedures and to conduct lawful investigations, resulting in ongoing harm to Plaintiff.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

6.  This action arises under:
    o   The FCRA, 15 U.S.C. § 1681 et seq.; and
    o   The FDCPA, 15 U.S.C. § 1692 et seq.

7.  Venue is proper in this District under 28 U.S.C. § 1391 because Plaintiff resides in this District and the acts and omissions giving rise to the claims occurred here.

## PARTIES

8.  Plaintiff is a natural person residing in Zeeland, Michigan and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9.  Defendant LVNV Funding LLC is a debt purchaser that regularly furnishes credit information to CRAs and is a "furnisher" under the FCRA.

10. Defendant Resurgent Acquisitions LLC is, upon information and belief, an entity that has claimed ownership of the alleged debt at issue and participated directly or indirectly in its acquisition, servicing, or collection.

11. Defendant Resurgent Capital Services L.P. services accounts on behalf of LVNV and participates in furnishing and verifying credit information.

12. Defendants acted jointly, in concert, and/or as agents of one another in connection with the conduct alleged herein.

13. Defendants acted jointly and in concert and are collectively referred to as "Defendants."

## FACTUAL ALLEGATIONS

### A.  The Alleged Account and Claimed Ownership

14. Defendants claim Plaintiff owes a consumer debt.

15. In response to a CFPB complaint, Defendants represented that:

- The account originated with Synchrony Bank;

- It was later transferred to Capital One;

- It was acquired by LVNV Funding LLC on or about January 30, 2024.

16. Defendants failed to provide a complete and coherent chain of title substantiating these transfers.

### B.  Defendants' Credit Reporting Was Factually Inaccurate and Misleading

17. Defendants furnished information concerning the alleged debt to one or more CRAs.

18. Defendants reported the "original creditor" as:  **"WALMART CAPITALONE SYNCHRONY."**

19. That entity does not exist.

20. This reporting contradicts Defendants' own admission that the account originated with Synchrony Bank.

21. The composite identifier falsely suggests a merged or unified entity and obscures the true origin of the debt.

22. This misidentification is material because it prevents users of the report from accurately determining: The origin of the debt; The chain of ownership; The reliability of the tradeline.

### C.  Defendants Reported Internally Inconsistent Information

23. Defendants reported materially inconsistent information across CRAs, including:

- Listing the account as both a "factoring company account" and a "debt buyer" account;

- Using the acquisition date (January 30, 2024) as the "Date Opened";

- Using inconsistent creditor naming conventions.

24. Reporting the acquisition date as the "Date Opened" misrepresents the age and history of the account and is materially misleading to potential creditors.

**D.  Conflicting Representations of Ownership**

25. Defendants have made irreconcilable and contradictory representations regarding the ownership of the alleged debt.

26. Specifically, in written correspondence originating from Capital One and/or entities acting on behalf of Defendants, Plaintiff was informed that Resurgent Acquisitions, LLC now owns the account.

27. In contrast, Defendants have furnished information to consumer reporting agencies identifying LVNV Funding LLC as the owner of the same account, and have otherwise acted as though LVNV is the current owner.

28. These representations cannot be simultaneously true without a documented and lawful chain of assignment, which Defendants have failed to provide.

29. The identity of the current creditor is a material term of any consumer debt, and conflicting ownership representations render the tradeline inaccurate and misleading as a matter of law.

30. Despite receiving disputes from Plaintiff, Defendants failed to reconcile or correct these contradictions.

**E.  Plaintiff's Disputes and CRA Notice**

31. Plaintiff disputed the accuracy of Defendants' reporting, including:

- The identity of the original creditor;

- The ownership and chain of title;

- The accuracy and consistency of the tradeline.

- The identity of the current creditor and ownership of the account.

32. Plaintiff submitted disputes through multiple CRAs, directly to LVNV, directly to Resurgent, and through the CFPB.

33. Upon information and belief, the CRAs transmitted Plaintiff's disputes and all relevant information to Defendants pursuant to 15 U.S.C. § 1681i(a)(2).

34. Defendants therefore received notice of Plaintiff's disputes from CRAs.

**F.  Defendants Failed to Conduct a Reasonable Investigation**

35. After receiving notice of the disputes, Defendants were required to:

- Conduct a reasonable investigation;

- Review all relevant information;

- Correct inaccurate or incomplete information.

36. Defendants failed to do so.

37. Instead, Defendants:

- Verified inaccurate information;

- Continued reporting the nonexistent creditor;

- Failed to reconcile inconsistencies;

- Failed to verify a lawful chain of title.

38. A reasonable investigation would have revealed that the reported creditor identity was false and misleading.

**G.  Materiality**

39. The inaccuracies described herein are material.

40. Creditor identity, account classification, and account age are all factors that influence credit decisions.

41. The reporting would mislead a reasonable user of a consumer report.

**H. Damages**

42. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages including:

- Harm to creditworthiness;

- Diminished ability to obtain credit on favorable terms;

- Time and effort spent disputing inaccuracies;

**I. Pattern and Practice / Willfulness**

43. Defendants operate large-scale automated systems for furnishing and verifying credit data.

44. The use of the composite identifier "Walmart CapitalOne Synchrony," together with inconsistent account attributes, supports the inference that Defendants relied on automated or superficial verification procedures.

45. Additionally, no meaningful verification is done, evidenced by verification including a one page internal "Account Summary Report" that is continuously produced.

46. Defendants repeatedly verified inaccurate information despite receiving dispute notices.

47. These systemic deficiencies demonstrate reckless disregard for statutory obligations.

48. The inconsistent identification of multiple entities as the "owner" of the same debt is indicative of systemic deficiencies in Defendants' data integrity and account-level verification processes.

**COUNT I – FCRA (15 U.S.C. § 1681s-2(b))**

49. Plaintiff incorporates all preceding paragraphs.

50. Defendants are furnishers of information under the FCRA.

51. Defendants received notice of Plaintiff's disputes from CRAs.

52. Upon receiving notice, Defendants were required to conduct a reasonable investigation.

53. The Sixth Circuit requires that such investigations be reasonable. *See* Boggio v. USAA Federal Savings Bank, 696 F.3d 611 (6th Cir. 2012).

54. Defendants failed to conduct a reasonable investigation by, among other things:

- failing to determine the actual owner of the alleged debt;

- failing to reconcile internal and external records identifying different entities as the owner;

- verifying credit reporting that identified an entity different from the entity represented to Plaintiff as the owner;

- failing to review or produce a complete chain of title.

55. Defendants' failures resulted in the continued reporting of materially inaccurate and misleading information.

56. Defendants' violations were willful.

57. Willfulness includes reckless disregard of statutory duties. *See* Safeco Ins. Co. of America v. Burr, 551 U.S. 47 (2007).

58. Defendants acted recklessly by maintaining and relying upon procedures that allowed plainly inaccurate information to be repeatedly verified.

59. Defendants violated 15 U.S.C. § 1681s-2(b).

60. Plaintiff brings this action pursuant to 15 U.S.C. § 1681n and 1681o.

**COUNT II – FDCPA (15 U.S.C. § 1692e)**

61. Plaintiff incorporates all preceding paragraphs.

62. Defendants are "debt collectors" under the FDCPA.

63. The FDCPA applies the "least sophisticated consumer" standard. *See* Smith v. Computer Credit, Inc., 167 F.3d 1052 (6th Cir. 1999).

64. Defendants' conflicting representations regarding ownership would mislead the least sophisticated consumer as to: to whom the debt is owed; who has authority to collect; who has the right to sue.

65. Defendants made false, deceptive, or misleading representations in connection with the collection of a debt, including:

- Misrepresenting the identity of the original creditor;

- Misrepresenting the nature and character of the debt.

66. These acts violate 15 U.S.C. § 1692e, including:

- § 1692e(2)(A);

- § 1692e(10).

67. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

68. A private right of action for violations of § 1692e is expressly authorized by 15 U.S.C. § 1692k, which provides that any debt collector who fails to comply with any provision of the FDCPA is liable to the person affected.

**COUNT III – FDCPA (15 U.S.C. § 1692e(8))**

69. Plaintiff incorporates all preceding paragraphs.

70. Defendants communicated credit information to CRAs.

71. Defendants knew or should have known that the information was false and misleading.

72. Defendants failed to accurately report the disputed nature and inaccuracies of the debt.

73. Reporting false or misleading credit information violates § 1692e(8). *See* Purnell v. Arrow Financial Services, LLC, 303 F. App'x 297 (6th Cir. 2008).

74. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

75. A private right of action for violations of § 1692e is expressly authorized by 15 U.S.C. § 1692k, which provides that any debt collector who fails to comply with any provision of the FDCPA is liable to the person affected.

**COUNT IV – MICHIGAN COLLECTION PRACTICES ACT**

76. Plaintiff incorporates all preceding paragraphs.

77. Defendants are "regulated persons" under MCL 445.251 et seq.

62. Defendants violated the Michigan Collection Practices Act, MCL 445.251 et seq., through deceptive, misleading, and unlawful collection practices, including but not limited to:

78. MCL 445.252(e) – Misrepresenting the character, extent, or amount of a claim by: identifying a nonexistent entity ("Walmart CapitalOne Synchrony") as the original creditor; providing conflicting information regarding the identity of the creditor;

• MCL 445.252(f) – Making misleading or deceptive statements in connection with collection activity by: representing that different entities (including LVNV Funding LLC and Resurgent Acquisitions, LLC) own the same debt; failing to clearly and consistently identify the current creditor;

• MCL 445.252(b) – Communicating misleading or inaccurate information concerning a debt by: furnishing inconsistent and contradictory account information to consumer reporting agencies; misrepresenting the date opened and nature of the account;

• MCL 445.252(a) – Using a communication that simulates or falsely represents its source by: attributing ownership of the debt to entities that are not consistently identified or substantiated.

63. Upon information and belief, Defendant LVNV Funding LLC is not licensed as a collection agency in the State of Michigan, yet has engaged in collection activity within Michigan, including furnishing credit information, directing collection activity, and initiating or causing litigation. Such conduct, when combined with the deceptive and misleading practices described above, constitutes unlawful collection activity under the Michigan Collection Practices Act.

64. As a direct and proximate result of Defendants' violations of the Michigan Collection Practices Act, Plaintiff suffered damages including financial harm, credit impairment, and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.  Enter judgment in favor of Plaintiff in the amount of $25,000;
B.  Award actual damages;
C.  Award statutory damages;
D.  Award punitive damages;
E.  Award costs and attorney's fees;
F.  Order correction or deletion of inaccurate reporting;
G.  Grant all other relief deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

*/s/ Joshua D. Wise*   4/14/2026

Joshua Wise
7658 Sunrise Bluff Ln
Zeeland, MI 49464
616-403-1541
joshwise84@gmail.com